The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHASE JARVIS and CHASE JARVIS, INC., a Washington Corporation,<br><br>            Plaintiffs,<br><br>v.<br><br>K2 INC., a Delaware Corporation, and K-2 CORPORATION, an Indiana Corporation d/b/a K2 Sports,<br><br>            Defendant. | No.   C03-1265Z<br><br>SECOND AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, VIOLATION OF THE LANHAM ACT, CONVERSION AND VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT<br><br>JURY DEMAND |

Plaintiffs Chase Jarvis and Chase Jarvis, Inc. allege and seek relief against Defendants K2 Inc. and K-2 Corporation as follows:

**I.      PARTIES.**

1.      Plaintiff Chase Jarvis ("Jarvis") is a married man and resident of Seattle, King County, Washington.  Through December 2002, he did business as Chase Jarvis Visual Media, a sole proprietorship.

2.      Plaintiff Chase Jarvis, Inc. is a Washington corporation organized in 2003.  Chase Jarvis has assigned and Chase Jarvis, Inc. has succeeded to certain of the rights and interests of Plaintiff Chase Jarvis referenced herein.

SECOND AMENDED COMPLAINT
(C03-1265Z) - 1
{55756.DOC}

3.     Defendant K2 Inc. is, on information and belief, a Delaware corporation with a principal place of business in Los Angeles, California.  It does business in the State of Washington.  It is the parent company of K-2 Corporation.

4.     Defendant K-2 Corporation is, upon information and belief, an Indiana corporation and a wholly-owned subsidiary of K2 Inc.  K-2 Corporation does business in the State of Washington and has a principal place of business on Vashon Island, Washington.  K-2 Corporation is the owner of K2 Japan, a foreign subsidiary.

5.     Defendants K2 Inc. and K-2 Corporation d/b/a K2 Sports are collectively referred to herein as "K2."

## II.   JURISDICTION.

6.     This Court has original and exclusive subject matter jurisdiction of Plaintiffs' copyright infringement claims herein under 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338(a).

7.     This Court has jurisdiction of the unfair competition claim herein under 28 U.S.C. § 1338(b), as this claim is substantially related to the claims under the copyright laws of the United States.

8.     This Court has supplemental jurisdiction of Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

## III.  VENUE.

9.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(a).  Defendants have transacted business in and have had continuous and systematic contacts with the Western District of Washington.  A substantial part of the events or omissions giving rise to the claim occurred in this district and a substantial part of the property that is the subject of the action is situated in the Western District of Washington.  The Agreement between K-2 Corporation and Plaintiffs Jarvis provides that suit shall be brought in the Western District.

SECOND AMENDED COMPLAINT
(C03-1265Z) - 2
{55756.DOC}

HENDRICKS & LEWIS
999 THIRD AVENUE, SUITE 2675
SEATTLE, WASHINGTON 98104
(206) 624-1933

K-2 Corporation owns and controls the actions of Defendant K2 Japan from its offices in the Western District of Washington and benefits financially from its ownership of K2 Japan.

## IV.   FACTS.

10.     Plaintiff Chase Jarvis is an accomplished photographer engaged in outdoor sports and active lifestyle photography.  His images have been featured in marketing and advertising campaigns for REI, Avis, Microsoft, Patagonia, Southwest Airlines and Subaru, and Defendant K2, among others, as well as on the covers of *Freeskier Magazine*, *Bike Magazine*, *Horizon Magazine* and *Volvo Magazine*.

11.     Defendant K2 Inc. is a holding company of a number of sports-related companies, including without limitation, K-2 Corporation, its wholly-owned subsidiary.

12.     Defendant K-2 Corporation sells sporting equipment including skis, skates and bicycles and uses photographic images to promote and aid in selling that equipment.  Defendant K-2 Corporation and/or K2 Inc. do business as K2 Sports.

13.     For a number of years, Plaintiff Chase Jarvis and K-2 Corporation and/or K2 Inc. had a relationship wherein Jarvis provided to K-2 Corporation the rights to use photographs he produced.

14.     The relationships with K-2 Corporation and K2 Inc. were delineated by written agreements, including, without limitation, by an agreement between Plaintiff Chase Jarvis and K-2 Corporation d/b/a K2 Sports dated December 13, 2001.  A true and complete copy of the agreement is attached hereto as Exhibit A.

15.     Consistent with copyright law, the parties' written agreements, Plaintiff Jarvis's usual and customary business practices and custom in the photography business and the outdoor equipment industry, Plaintiffs Jarvis retained the copyrights in and ownership of each and every one of his photographs and did not assign or transfer any interest therein to K-2 Corporation or

SECOND AMENDED COMPLAINT
(C03-1265Z) - 3
{55756.DOC}

K2 Inc.

16.     K-2 Corporation licensed the use of Chase Jarvis's photographs and images for limited periods of time and for specified uses.  K-2 Corporation promised to credit Chase Jarvis in each use of his photographs.

17.     During the course of the parties' relationship, Chase Jarvis delivered thousands of photographic images to K-2 Corporation for its use only and upon specified terms and conditions.  Under the parties' agreements K-2 Corporation was required to return the images to Chase Jarvis upon expiration of the applicable license or upon demand.

18.     K2 Inc. has used Jarvis images and benefited from the use of Jarvis images without any rights to do so.

19.     K-2 Corporation has continued to use Plaintiff Jarvis's photographs after usage rights have expired.  In particular, attached hereto as Exhibit B are Jarvis images that Defendant K-2 Corporation has used without authorization or has used without attributing photo credit to Plaintiffs Jarvis.

20.     K-2 Corporation has made the photographs of Plaintiff Chase Jarvis available to others including, without limitation, K2 Inc., K2 Japan, K2 Denmark, K2 dealers and the media and press for unauthorized uses and has contributed to copyright infringement by others of Plaintiffs Jarvis's works by making high resolution copies readily available to such others to use the photographs.  K2 Inc. has directly, contributorily and vicariously infringed Plaintiffs Jarvis's images.  Images that K2 has made available to others are set forth on the pages attached hereto as Exhibit C.

21.     K2 has made the photographs of Plaintiffs Jarvis available to their divisions and subsidiaries, including, without limitation, K2 Japan and K2 Denmark.  K2 Japan and K2 Denmark displayed the photographs of Plaintiffs Jarvis without license to do so and for periods

SECOND AMENDED COMPLAINT
(C03-1265Z) - 4
{55756.DOC}

HENDRICKS & LEWIS
999 THIRD AVENUE, SUITE 2675
SEATTLE, WASHINGTON 98104
(206) 624-1933

of time beyond that for which K-2 Corporation had a license from Plaintiffs Jarvis. K2 Japan and K2 Denmark also displayed the photographs by Plaintiffs Jarvis without attributing the photo credit to Plaintiffs Jarvis as was required by each of the agreements between K-2 Corporation d/b/a K2 Sports and Plaintiffs Jarvis.

22.	Consistent with agreements between Plaintiff Jarvis and Defendant K-2 Corporation, K-2 Corporation was required to place on all photographs by Chase Jarvis a credit and copyright notice as follows: "Photo: Chase Jarvis © 2001" or equivalent.

23.	Plaintiffs Jarvis typically and customarily delivered each image or images to K-2 Corporation with a delivery memo. Such memos reiterate the credit requirements and specify usage permitted. True and complete copies of examples of such delivery memos are attached hereto as Exhibit D.

24.	K-2 Corporation and K2 Inc. credited certain Chase Jarvis photographs to others and contributed to misattribution by third parties by failing to employ adequate safeguards and practices to ensure proper credit.

25.	Even after notice from Plaintiff Chase Jarvis of unauthorized uses, failures to give credit and misattribution of certain photographs of Plaintiffs Jarvis, K-2 Corporation and K2 Inc. have failed and refused to correct the credits and cease unauthorized uses until it suited their purposes.

26.	All applicable licenses for use have expired.

27.	Plaintiffs Jarvis have demanded return of their photographic images and tapes.

28.	As of May 7, 2003, K-2 Corporation or its agents, designees or assignees possessed not less than 2,588 of Chase Jarvis's photographic images and three DV tapes. It has since returned some but not all of the images.

29.	K2 has failed to return photographic images of Chase Jarvis and remains in

SECOND AMENDED COMPLAINT
(C03-1265Z) - 5
{55756.DOC}

possession of such images.

30.     Plaintiff Jarvis has obtained the following Copyright Registrations for his images:

a.     Registration Number VA 1-201-292.  A true and correct copy of which is attached hereto as Exhibit E.

b.     Registration Number VA 1-201-293.  A true and correct copy is attached hereto as Exhibit F.

c.     Registration Number VA 1-208-232.  A true and correct copy is attached hereto as Exhibit G.

d.     Registration Number VA 1-208-233.  A true and correct copy is attached hereto as Exhibit H.

## FIRST CLAIM

### Copyright Infringement

31.     Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 30 as if fully set forth herein.

32.     By copying, displaying, and distributing Plaintiffs' photographs and using them outside the scope of any license granted by Plaintiff Chase Jarvis, K-2 Corporation and K2 Inc. have infringed Plaintiff Chase Jarvis's copyrights in his work.

33.     Defendant K-2 Corporation has facilitated and contributed to infringement by others.

34.     Defendant K2 Inc. has vicariously infringed Plaintiff Chase Jarvis's copyrights by directly controlling and receiving a benefit from the infringement of its wholly-owned subsidiaries and their dealers, marketing partners and others.

35.     As a result of Defendants' willfully infringing acts, contributory infringement and vicarious infringement, Plaintiffs have been injured and have suffered damages in an amount to

SECOND AMENDED COMPLAINT
(C03-1265Z) - 6
{55756.DOC}

be proved at trial.

36.     In addition to Plaintiffs' actual damages, Plaintiffs claim such other remedies to which they may be entitled by law, including Defendants' revenues and profits pursuant to 17 U.S.C. § 504(b); at Plaintiffs' election and in the alternative, statutory damages pursuant to 17 U.S.C. § 504(c); injunctive relief pursuant to 17 U.S.C. § 502; impounding and destruction of infringing articles pursuant to 17 U.S.C. § 503; and attorneys' fees and costs pursuant to 17 U.S.C. § 505 and as otherwise allowed by law.

## SECOND CLAIM

### Violation of the Lanham Act and Unfair Competition

37.     Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 36 as if fully set forth herein.

38.     In connection with Defendants' marketing activities, Defendants K2 have used false designations of origin, false or misleading descriptions of fact or false or misleading representations of fact and have advertised and offered goods for distribution and use that are copies of the work of Plaintiff Chase Jarvis without giving Plaintiff Chase Jarvis credit, and instead have passed off Plaintiff's work as Defendants' own or as the works of third parties, all in violation of 15 U.S.C. § 1125(a).

39.     Defendants' acts as alleged herein are likely to cause confusion or to cause mistake or to deceive as to affiliation, connection or association or as to the origin, sponsorship or approval of the goods.

40.     As a result of Defendants' violation of 15 U.S.C. § 1125(a), Plaintiffs have been injured and suffered damages in an amount to be proved at trial.

SECOND AMENDED COMPLAINT
(C03-1265Z) - 7
{55756.DOC}

HENDRICKS & LEWIS
999 THIRD AVENUE, SUITE 2675
SEATTLE, WASHINGTON 98104
(206) 624-1933

## THIRD CLAIM

### Violation of the Washington Consumer Protection Act

41.     Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 40 as if fully set forth herein.

42.     Defendants have engaged in unfair and deceptive acts and practices occurring in trade or commerce in violation of RCW 19.86.

43.     Defendants' acts and practices have impacted the public interest.

44.     Defendants have caused irreparable injury to Plaintiffs in their business or property.

45.     Plaintiffs will continue to be irreparably harmed unless and until Defendants' unlawful conduct is enjoined.

## FOURTH CLAIM

### Accounting

46.     Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 45 as if fully set forth herein.

47.     As custodians of valuable films and images belonging to Plaintiffs, K-2 Corporation and K2 Inc. had a duty to handle Plaintiffs' property with care and in a manner that would avoid unauthorized uses.

48.     Defendants K2 failed to satisfy their duty and to handle the works of Plaintiffs Jarvis in a manner that would avoid unauthorized uses.

49.     K2 should account for all uses of Plaintiffs' works that have occurred while Plaintiffs' images have been in K2's possession.

SECOND AMENDED COMPLAINT
(C03-1265Z) - 8
{55756.DOC}

HENDRICKS & LEWIS
999 THIRD AVENUE, SUITE 2675
SEATTLE, WASHINGTON 98104
(206) 624-1933

## FIFTH CLAIM

### Breach of Contract

50.     Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 49 as if fully set forth herein.

51.     Plaintiff Chase Jarvis and K-2 Corporation d/b/a K2 Sports had agreements that described and limited K-2 Corporation's authorized uses of the photographic works of Plaintiff Jarvis, required K2 to give Chase Jarvis credit for each of the images used, required K2 to care and account for the images and required K2 to pay for use of the images and, in addition, to pay for any images not returned to Plaintiffs.

52.     K2 Inc. and K-2 Corporation agreed and accepted as a condition of their possession of Chase Jarvis's photographic images that they would pay Plaintiffs $1,500 per image for each image not returned to Plaintiffs as required.

53.     K-2 Corporation and/or K2 Inc. have breached their agreements with Plaintiffs.

54.     As a consequence of K2's breaches, Plaintiffs have been injured and suffered damages and consequential damages in an amount to be proved at trial.

## SIXTH CLAIM

### Conversion

55.     Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 54 as if fully set forth herein.

56.     As per the license agreements, Plaintiffs delivered to K-2 Corporation a number of images for its use in its advertising campaigns, which K-2 Corporation was to return to Plaintiffs upon expiration of the license agreement or upon demand of Plaintiffs.

57.     All license agreements between Plaintiffs and K-2 Corporation and/or K2 Inc. have expired and Plaintiffs have demanded K2 return Plaintiffs' images.

SECOND AMENDED COMPLAINT
(C03-1265Z) - 9
{55756.DOC}

HENDRICKS & LEWIS
999 THIRD AVENUE, SUITE 2675
SEATTLE, WASHINGTON 98104
(206) 624-1933

58.     K2 has failed to return of a number of Plaintiffs' images.

59.     K2's failure to return the images to Plaintiffs has denied Plaintiffs the use of their tangible goods and any related income from the future sale or license of these images.

60.     K2's failure to return the images amounts to the tort of conversion of the images and has damaged Plaintiffs in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request judgment and other relief against Defendants as follows:

1.     Declaring that

    (a)     Plaintiffs Jarvis own all copyrights and ownership rights in the photographs that are a subject of this litigation;

    (b)     Defendants have:

        (1)     willfully infringed the rights of Plaintiffs in Plaintiffs' federally registered copyrights under 17 U.S.C. § 501;

        (2)     committed and are committing acts of false designation of origin, false or misleading description of fact, and false or misleading representations against Plaintiffs as defined in 15 U.S.C. § 1125(a);

        (3)     otherwise injured the business reputation and business of Plaintiffs by Defendants' acts, conduct and omissions as set forth in this Complaint;

2.     Granting temporary, preliminary and permanent injunctive relief against Defendants, and that Defendants, their officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendants, enjoining and restraining them from:

SECOND AMENDED COMPLAINT
(C03-1265Z) - 10
{55756.DOC}

HENDRICKS & LEWIS
999 THIRD AVENUE, SUITE 2675
SEATTLE, WASHINGTON 98104
(206) 624-1933

(a) Imitating, copying, or making any other unauthorized use or unauthorized distribution of material protected by Plaintiffs' registered copyrights;

(b) Engaging in any other activity constituting an infringement of Plaintiffs' copyrights, or right to use or to exploit said copyrights;

(c) Disposing of or destroying any documents or related materials that show, indicate, reference, or otherwise document that Defendants have installed, marketed, manufactured, distributed, advertised, or duplicated counterfeit or infringing material products which use, incorporate or adopt Plaintiffs' copyrighted material or other creative material;

(d) Engaging in acts of false designation of origin, false or misleading description of fact, and false or misleading representation against Plaintiffs as defined in 15 U.S.C. § 1125(a); and

(e) Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (d) above.

3. Impounding all copies made or used in violation of Plaintiffs' exclusive rights, and all transparencies, film, film negatives or other articles by means of which such copies may be reproduced;

4. Ordering destruction of all copies found to have been made or used in violation of Plaintiffs' rights and of all film, transparencies, film negatives or other articles by means of which such copies may be reproduced;

5. Requiring Defendants to account to Plaintiffs for any and all uses and any and all profits derived by Defendants from the sale and use of Plaintiffs' works and for all damages sustained by Plaintiffs by reason of said acts of infringement and unfair competition;

SECOND AMENDED COMPLAINT
(C03-1265Z) - 11
{55756.DOC}

HENDRICKS & LEWIS
999 THIRD AVENUE, SUITE 2675
SEATTLE, WASHINGTON 98104
(206) 624-1933

6.    Awarding Plaintiffs damages as well as Defendants' revenues and profits attributable to the infringements under 17 U.S.C. § 504(b) and 15 U.S.C. § 1117(a), or, in the alternative, as Plaintiffs may elect, the maximum allowable statutory damages of $150,000 for each infringing act under 17 U.S.C. § 504(c);

7.    Awarding Plaintiffs damages under 15 U.S.C. § 1117, together with Defendants' profits, the costs of the action and reasonable attorneys' fees;

8.    Awarding Plaintiffs damages of not less than $1,000,000, treble damages, interest, costs and reasonable attorneys' fees under the Washington Consumer Protection Act, RCW 19.86;

9.    Awarding Plaintiffs contract damages of not less than $1,000,000 or such other amount as may be proved at trial;

10.    Awarding Plaintiffs conversion damages of the value of the images as may be proved at trial;

11.    Awarding Plaintiffs their costs, prejudgment interest and post-judgment interest, and their reasonable attorneys' fees incurred in prosecuting this action;

12.    Awarding treble damages as a result of Defendants' willful, intentional and bad faith conduct; and

13.    Such other and additional relief as is just and proper.

## JURY DEMAND

Plaintiffs respectfully demand a trial by jury of all issues so triable in this matter, under the provisions of Rule 38(b) of the Federal Rules of Civil Procedure.

DATED this 14th day of July, 2004.

SECOND AMENDED COMPLAINT
(C03-1265Z) - 12
{55756.DOC}

HENDRICKS & LEWIS
999 THIRD AVENUE, SUITE 2675
SEATTLE, WASHINGTON 98104
(206) 624-1933

1

2
Respectfully submitted,

3
HENDRICKS & LEWIS

4

5
By:    s/ Katherine Hendricks
       Katherine Hendricks

6
       WSBA No. 14040
       Alexa L. Shelley

7
       WSBA No. 30796
       Attorneys for Plaintiffs

8
         Chase Jarvis and Chase Jarvis, Inc.

9

10

11

12
## CERTIFICATE OF SERVICE

13
I hereby certify that on July 14, 2004, I electronically filed the foregoing with the Clerk of the

14
Court using the CM/ECF system which will send notification of such filing to the following
CM/ECF participants, and I hereby certify that I have served a copy of the document by hand
delivery to the following:

15

16
Shannon L. McDougald
Perkins Coie, LLP

17
1201 Third Avenue, Suite 4800
Seattle, Washington 98101

18
Telephone: (206) 583-8888
Facsimile: (206) 583-8500

19
Email: SMcDougald@perkinscoie.com

20

21

22
JENNIFER WALSER

23

24

25

26

27

28
SECOND AMENDED COMPLAINT
(C03-1265Z) - 13
{55756.DOC}

HENDRICKS & LEWIS
999 THIRD AVENUE, SUITE 2675
SEATTLE, WASHINGTON 98104
(206) 624-1933