1

2

3

4

5

6                    UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF WASHINGTON
7                          AT SEATTLE

8

9    CHASE JARVIS, et al.,

                           Plaintiffs,          No.  C03-1265Z
10

11   v.
                                                ORDER
12   K2 INC., a Delaware Corporation, and K-2
     CORPORATION, an Indiana Corporation
13   d/b/a K2 Sports,

                           Defendants.
14

15
           This case comes before the Court on the Plaintiffs' Motion for Costs, docket no. 169.
16
     The Court has reviewed the briefs in support and in opposition to this motion and enters the
17
     following order.
18
     **BACKGROUND**
19
           Plaintiffs commenced this action on June 9, 2003, with the filing of the original
20
     complaint against Defendant K2 Inc.  Complaint, docket no. 1.  On July 14, 2004, the
21
     Plaintiffs amended their complaint for the second time, to include Defendant K2 Corporation
22
     d/b/a K2 Sports ("K2 Corp.").  Second Amended Complaint, docket no. 60.
23
           In a September 30, 2004 Order the Court granted Plaintiffs' motion for partial
24
     summary judgment on the direct and contributory copyright infringement claims, the breach
25
     of contract claims and the conversion claims against K2 Corp.  Order, docket no. 86.  The
26

ORDER   1–

1   Court denied the Plaintiffs' motion for partial summary judgment as to the precise number of

2   slides missing for purposes of the breach of contract and conversion claims.  Id.

3         At the February 17, 2005 pretrial conference the Court bifurcated the claims for trial.

4   The Court ordered that the claims for Lanham Act liability against Defendants K2 Corp. and

5   K2 Inc. and the issue of damages would proceed to trial.  The Court stayed until further order

6   the claims against K2 Inc. for vicarious copyright infringement, breach of contract and

7   conversion.  Trial concluded on March 3, 2005 and the Court entered its Findings of Fact

8   and Conclusions of Law on April 26, 2005.  See docket no. 164.

9         The Plaintiffs now seek to recover $56,961.14 in costs against K2 Corp., docket no.

10  169.[1]  The Defendants oppose recovery of this amount, with the exception of $17,829.08.

11  Defs.' Response, docket no. 172.

12      **1.    Standard**

13        The Federal Rules of Civil Procedure dictate that "costs other than attorneys' fees

14  shall be allowed as of course to the prevailing party unless the court otherwise directs."  Fed.

15  R. Civ. P. 54(d).  A court must limit such an award of costs to those defined in 28 U.S.C.

16  § 1920 "absent explicit statutory or contractual authorization to the contrary."  Crawford

17  Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987).  The Copyright Act's cost

18  provision, 17 U.S.C. § 505, contemplates the recovery of "full costs."  The Plaintiffs argue

19  that this provision is explicit statutory authority allowing the Court to award costs in excess

20  of those authorized by 28 U.S.C. § 1920.  The Defendants argue that this provision is not

21  explicit enough to override 28 U.S.C. § 1920.

22        The Ninth Circuit has not addressed the effect of 28 U.S.C. § 1920 on the recovery of

23  costs under the Copyright Act, but at least two other circuit courts have.  In Pinkham v.

24  Camex, Inc., 84 F.3d 292, 295 (8th Cir. 1996), the Eight Circuit held that the "full costs"

25  ────────────────

26       [1]In their original motion, the Plaintiffs sought to tax costs against both K2 Corp. and K2
    Inc.  In their reply the Plaintiffs concede that only costs against K2 Corp. are appropriate.  See
    Plaintiffs' Reply, docket no. 177, at 1.

ORDER  2–

1   language did not evidence congressional intent to treat 17 U.S.C. § 505 costs differently from

2   costs authorized in other statutes and concluded that costs under 17 U.S.C. § 505 are limited

3   to the costs expressly identified in 28 U.S.C. § 1920.  In <u>Artisan Contractors Ass'n of</u>

4   <u>America, Inc. v. Frontier Ins. Co.</u>, 275 F.3d 1038, 1039 (11th Cir. 2001), the Eleventh

5   Circuit followed the holding in <u>Pinkham</u>.  <u>See</u> <u>also</u> <u>Barrera v. Brooklyn Music, Ltd.</u>, 346 F.

6   Supp. 2d 400, 405-06 (S.D.N.Y 2004); <u>NLFC, Inc. v. Devcom Mid-America, Inc.</u>, 916 F.

7   Supp. 751, 762 (N.D. Ill. 1996).

8           The Plaintiffs do not provide any contrary authority, but note that the Ninth Circuit

9   has not yet decided the issue.  The Plaintiffs further argue that in <u>Lovell v. Chandler</u>, 303

10  F.3d 1039, 1058-59 (9th Cir. 2002), the Ninth Circuit rejected the argument that the term

11  "litigation expenses" in 42 U.S.C. § 12205 is too vague to authorize the district court to shift

12  expert fees to the prevailing party under the "express statutory authority" required by

13  <u>Crawford</u>.  The Plaintiffs, however, have not demonstrated that 42 U.S.C. § 12205 and the

14  <u>Lovell</u> court's analysis of the term "litigation expenses" are relevant to this case.  First, 42

15  U.S.C. § 12205 applies to litigation expenses awarded in a case brought under the Americans

16  with Disabilities Act, not the Copyright Act.  Further, 42 U.S.C. § 12205 allows the court in

17  its discretion to award *both* "litigation expenses," which the <u>Lovell</u> Court held includes

18  expert witness fees, and "costs."  In contrast,  17 U.S.C. § 505, the statute at issue in this

19  case, only allows the court to award "full costs."  Finally, the <u>Lovell</u> court focused on the

20  preamble to the ADA Title II regulations which stated that "litigation expenses include items

21  such as expert witness fees, travel expenses, etc."  <u>Lovell</u>, 303 F.3d at 1058 (quoting 28

22  C.F.R. Pt. 35, App. A, Section-by-Section Analysis, § 35.175).  The <u>Lovell</u> court noted that

23  this interpretation was consistent with the statute's legislative history.  <u>Id.</u>  The Plaintiffs do

24  not cite to any similar interpretation or legislative history regarding 17 U.S.C. § 505.  <u>Lovell</u>

25  and its analysis of 42 U.S.C. § 12205 are not helpful to this Court's analysis of 17 U.S.C. §

26  505.

ORDER   3–

1        The Court finds the reasoning and analysis of the Eighth and Eleventh Circuits

2  persuasive and holds that the language "full costs" in 17 U.S.C. § 505 is insufficiently clear

3  and explicit to infer that Congress wanted the courts to treat costs under 17 U.S.C. § 505

4  differently than costs under 28 U.S.C. § 1920.  Costs allowed pursuant to 17 U.S.C. § 505

5  should be limited to those allowed under 28 U.S.C. § 1920.

6        The Court also notes that the amount of costs awarded pursuant to 17 U.S.C. § 505 is

7  within the Court's discretion.  Even absent the above analysis of the meaning of "full costs"

8  under 17 U.S.C. § 505, the Court in its discretion limits the costs awarded to the Plaintiffs to

9  "taxable costs" as defined in 28 U.S.C. § 1920.

10        **2.**     **Undisputed Costs**

11        The Defendants do not dispute taxation against K2 Corp. of the following costs in the

12  amounts requested by Plaintiffs: (a) fees of the clerk; (b) fees for service of the summons and

13  complaint; (c) fees of the court reporter and transcript costs; (d) witness fees; (e) fees for

14  exemplification; and (f) costs associated with trial exhibit binders.  See Defendants'

15  Response, docket no. 172, at 2, n.1.  These costs total $14,070.87.

16        **3.**     **Expert Witness Fees**

17        In their motion for costs, Plaintiffs request $20,301.80 in expert witness fees.  The

18  Defendants argue that with the exception of the standard witness fees set forth in 28 U.S.C.

19  § 1821, costs associated with the retention, consultation, and/or use of an expert witness fall

20  outside the scope of 28 U.S.C. § 1920.  The Plaintiffs argue that the "full costs" provision

21  provides authority for shifting expert witness fees.  As explained above, this argument fails.

22  The Plaintiffs' motion requests expert witness fees for Ms. Jane Kinne.  See Bill of Costs,

23  docket no. 170, at 173.  This request must be denied as Ms. Kinne did not appear as a

24  witness in this trial.  Robert Weisgrau was the only expert witness the Plaintiffs called at

25  trial.  Mr. Weisgrau attended four days of trial.

26

ORDER   4–

1     The Plaintiffs also argue that if the Court applies the taxable costs limitations

2  provided in 28 U.S.C. §§ 1821 and 1920, Plaintiffs may be entitled to the portion of expert

3  witness fees allocated to preparation of demonstrative exhibits for use at trial under 28

4  U.S.C. § 1920(4).  Even assuming Plaintiffs are correct, they have not provided the Court

5  with an analysis of what portion of the expert witness fees can be allocated to the preparation

6  of demonstrative exhibits.  Therefore, the Court GRANTS the Plaintiffs' motion as to $160

7  in witness fees for Mr. Weisgrau's attendance at four days of trial and DENIES the

8  remainder of the Plaintiffs' motion as to expert witness fees.

9     **4.    Expenses Associated with Mediation**

10     Mediation costs are not included in 28 U.S.C. § 1920.  The Court DENIES the

11  Plaintiffs' motion as to these costs.

12     **5.    Computerized Legal Research**

13     Computerized legal research costs are not included in 28 U.S.C. § 1920.  The

14  Plaintiffs argue that they are included by implication in one of the categories of costs

15  authorized by § 1920, but they do not specify which one.  See Plaintiffs' Reply at 4.  The

16  Court DENIES the Plaintiffs' motion as to computerized legal research costs.

17     **6.    Photocopying Costs**

18     The Plaintiffs seek to recover $13,175.44 in fees and disbursements for printing.  The

19  Defendants argue that Plaintiffs have not met their burden of justifying their internal

20  photocopying expenses and the Court should deny taxation of these costs in their entirety.

21  The Defendants further argue that the Plaintiffs justify only $3,598.21 of their outside legal

22  costs.

23     Taxing photocopies as costs depends on a showing that the papers were necessarily

24  obtained for use in the case.  Haggen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice

25  Creams, Inc., 920 F.2d 587, 588 (9th Cir. 1990).  These papers should not be limited only to

26  those actually used in a case and made part of the record.  See id.  However, copies obtained

ORDER   5–

1   merely for the convenience of plaintiff's counsel ordinarily are not allowed.  <u>Simmons v.</u>

2   <u>O'Malley</u>, 235 F. Supp. 2d 442, 444 (D. Md. 2002).

3        The Plaintiffs do not provide the Court with any information as to how the copies they

4   made internally were used.  Therefore, they have not met their burden under 28 U.S.C.

5   § 1920 of demonstrating that the papers were necessarily obtained for use in the case.  The

6   Plaintiffs provide documentation in their bill of costs that $3,741.66 of their external

7   photocopying costs were necessarily obtained for use in this case.  <u>See</u> Bill of Costs at 69,

8   73, 75, 76.  The remainder of the documentation Plaintiffs provide regarding their external

9   photocopying costs merely lists the number of photocopies obtained and their cost.  This is

10  not enough information for the Court to ascertain whether the papers were necessarily

11  obtained for use in the case.  The Court GRANTS Plaintiffs' motion for costs as to $3,741,66

12  of their external photocopying costs and DENIES the remainder of the Plaintiffs' motion as

13  to photocopying costs.

14       **7.    Attorney Meals, Attorney Travel and Parking, Investigation, Overhead Expenses**

15       The Plaintiffs do not rebut the Defendants' argument that 28 U.S.C. § 1920 does not

16  allow for the recovery of attorney meals, attorney travel and parking, investigation, and

17  overhead expenses, including telephone charges, postage, and delivery.  28 U.S.C. § 1920

18  does not allow for the recovery of any of these costs, and thus the Court DENIES the

19  Plaintiffs' motion as to these categories of costs.

20  **CONCLUSION**

21       The Court GRANTS IN PART and DENIES IN PART the Plaintiffs' Motion for

22  Costs, docket no. 169.  The Court GRANTS the Motion as to the fees of the clerk; fees for

23  service of the summons and complaint; fees of the court reporter and transcript costs; witness

24  fees; fees for exemplification, costs associated with trial exhibit binders; per diem witness

25  fees for Mr. Weisgrau, and $3,741.66 of the Plaintiffs' claimed photocopying costs for a total

26  of $17,972.53.  The Court DENIES the remainder of the Plaintiffs' Motion for Costs.

ORDER   6–

1        IT IS SO ORDERED.

2        DATED this 19th day of July, 2005.

3

4        _____
         Thomas S. Zilly
5        United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER   7–