1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

15

CHASE JARVIS, et al.,

                          Plaintiffs,

v.

K2 INC., a Delaware Corporation, and K-2
CORPORATION, an Indiana Corporation
d/b/a K2 Sports,

                          Defendants.

No.  C03-1265Z

MINUTE ORDER

16

17

18

19

20

21

22

23

24

25

26

    The following Minute Order is made by direction of the Court, the Honorable Thomas
S. Zilly, United States District Judge:

    (1)    The Court has reviewed the papers filed in support of and in opposition to
plaintiffs' motion for award of additional damages, docket no. 195, and has determined that
additional briefing is needed.  The parties are therefore directed to file supplemental briefs
addressing the issues described below.  Plaintiffs shall file an opening supplemental brief,
not to exceed twenty-four (24) pages in length, by January 4, 2008.  Defendants shall file a
responsive supplemental brief, not to exceed twenty-four (24) pages in length, by January 18,
2008.  Plaintiffs may file a supplemental reply, not to exceed twelve (12) pages in length, by
January 25, 2008.

    (2)    Validity of May 2003 Registrations:  On appeal in this matter, the United
States Court of Appeals for the Ninth Circuit held that the four collage advertisements at
issue, denominated as SP5, SP6, FT10, and FT11, constitute derivative works in which K2
was "undisputably the owner of a copyright."  Jarvis v. K2 Inc., 486 F.3d 526, 532 & n.6
(9th Cir. 2007).  In their motion for award of additional damages, plaintiffs assert that

MINUTE ORDER  1–

copyrights in three of the six SP5 images (two of which are duplicated in SP6) and all seven of the FT10 images (one of which also appears in FT11) were registered in May 2003. The deposits attached to the two May 2003 registrations, however, appear to be K2's derivative (collage) images. See Trial Exh. 5 & 6 (reproduced in Exh. 4 & 5 to Neely Decl. (docket no. 197)). The parties are directed to address (i) whether the May 2003 registrations are in fact based on K2's derivative images, and (ii) the validity of the May 2003 registrations in light of the Ninth Circuit's holding that K2 is the owner of copyrights in the various collage images.

(3)   Negatives Related to F10 and F11 and Judicial Notice: The Court has identified within the record contact sheets made from negatives associated with some of the original photographs apparently used in FT10 and FT11. See Exh. 6A to Neely Decl. at pp. 134 (frame 27), 136 (frames 5A & 6A), 137 (frames 14A & 15A), & 138 (frames 18 & 19) (docket no. 197). All of the negatives bear the label "Ilford HP5 Plus." The parties shall indicate whether they dispute that the negatives constitute evidence of the original appearance of the FT10 and FT11 images at issue, or that the negatives were from black-and-white film. The parties shall also address how these facts, whether disputed or not, affect the validity of the May 2003 registrations, and whether the Court may take judicial notice of the fact that Ilford HP5 Plus is a black-and-white film. See Fed. R. Evid. 201(c); see also Fact Sheet at www.ilfordphoto.com/products/.

(4)   Proof of Registration: In their motion for award of additional damages, plaintiffs have not sufficiently identified the registration deposit associated with each image used in the four collage advertisements at issue. For many of the images, plaintiffs have provided nothing more than a citation to a compact disc containing extremely poor quality copies of over a thousand negatives and/or slides. Plaintiffs are directed to specify the exact negative or slide registered with the Copyright Office, if any, for each of the images for which they claim infringement, and to provide a legible printed copy thereof. Plaintiffs are encouraged to provide the requested information in tabular form, with negatives identified by compact disc folder and file name, as well as contact sheet page and frame numbers, and slides identified by compact disc folder and file name, as well as page, column, and row numbers. Defendants may include in their responsive supplemental brief any additional argument concerning proof of registration and the Court's jurisdiction over the infringement claims at issue.

(5)   Modifications to Findings of Fact: The parties have raised an issue whether the Court erred in finding that the second written agreement between the parties, dated December 13, 2001, governed the images used in the four collage advertisements. Findings of Fact and Conclusions of Law at ¶ 60 (docket no. 164). The parties are directed to address whether the finding at issue was necessary to the Court's prior rulings or to the Ninth Circuit's decision in this matter, whether the finding is supported by the evidence presented at trial, and, if not, whether the finding may be modified to comport with the documents adduced at trial.

MINUTE ORDER  2–

1      (6)    The Clerk is directed to RENOTE plaintiffs' motion for award of additional

2 damages, docket no. 195, to January 25, 2008.

3      (7)    The Clerk is further directed to send a copy of this Minute Order to all counsel

4 of record.

5    Filed and entered this 6th day of December, 2007.

6                         BRUCE RIFKIN, Clerk

7                          /s/ Claudia Hawney

8                By _____

9                    Claudia Hawney
                          Deputy Clerk

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MINUTE ORDER   3–